**Date signed January 09, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Virgilio Gonzague and** | : | Case no. 02-17000-PM |
| **Elizabeth Gonzague** | | Chapter 7 |
| | : | |
| Debtors. | | |
| **Settlement Capital Corporation** | : | |
| Plaintiff, | : | |
| | | Adv. Proc. No. 04-1045 |
| v. | : | |
| **Virgilio Gonzague,** | : | |
| **Metropolitan Life Insurance Co.,** | | |
| **Merchants Insurance Group and** | : | |
| **Roger Schlossberg, Chapter 7 Trustee** | | |
| | : | |
| Defendants. | | |

**MEMORANDUM OF DECISION**

Plaintiff Settlement Capital Corporation filed a motion for summary judgment on October 5, 2004 (the "Plaintiff's Motion"). Defendant Roger Schlossberg, Chapter 7 Trustee of the bankruptcy estate of the Debtors, responded to Plaintiff's Motion on October 19, 2004, and filed a cross-motion for summary judgment on the same date (the "Trustee's Motion"). Plaintiff responded to the Trustee's Motion on October 29, 2004. A hearing was held on the Motions on November 10, 2004. Plaintiff's Motion for Summary Judgment will be granted, and the

Trustee's Motion for Summary Judgment denied.

Summary judgment is appropriate in this case because there are no uncontested matters of fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883-84 (1990), *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.2d 810, 817 (CA4 1995). In considering a motion for summary judgment, the court must view all permissible inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party. *Matsushita*, 475 U.S. at 587, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendant Virgilio Gonzague sustained serious personal injuries as a result of an accident that occurred January 31, 1979. He subsequently sued the parties responsible in the Supreme Court of New York, Kings County. The case was settled in 1984, with the payment to him made in the form of a structured settlement. Under the settlement, Gonzague received $25,000.00 upon execution of the settlement agreement, and monthly payments of $1,000.00 for life with thirty years' payments guaranteed, so that if he died before payment of all guaranteed payments, the remainder of the guaranteed payments would be payable to the beneficiaries of his estate. In addition Gonzague was to receive the following lump sum payments: $15,000.00 in 1990, $15,000.00 in 1995, $30,000.00 in 2000, $40,000.00 in 2005 and $50,000.00 in 2010. These lump sum payments were likewise payable to the beneficiaries of his estate should he die before the payments were due to be paid. The payments were funded by an annuity purchased by defendants' liability insurer the defendant Merchants Mutual Insurance Company, from the Metropolitan Life Insurance Company.[1]

On October 6, 2000, Plaintiff paid Gonzague $109,505.00 and received in return his right to receive the stream of $1,000.00 monthly payments beginning November 1, 2000, and continuing through January 31, 2013, together with the $30,000.00 lump sum payment due December 30, 2000, the $40,000.00 lump sum payment due December 30, 2005, and $37,500.00

---

[1] Neither Gonzague, Merchants nor Metropolitan Life filed an answer to the complaint. Defaults were entered as to each for failure to respond to the complaint. The corporate defendants are merely stakeholders.

of the $50,000.00 payment due December 30, 2010. Within 60 days of the transaction Plaintiff received back $32,000.00 of the money advanced. The court is advised that, if all went as anticipated, the interest rate on the money advanced for the loan secured by Metropolitan Life annuity was 18.42%.

The mechanism for this humanitarian act was referred to as a factoring agreement. The 23-page Purchase and Sale Agreement appears as Exhibit C-1 to the affidavit of Matthew T. Bracy in support of Plainttiff's Motion for Summary Judgment. The necessary papers to perfect this transaction are also attached to the Bracy Affidavit. The Agreement was executed in New York, where Gonzague resided.

Gonzague filed this bankruptcy case under Chapter 7 on June 12, 2002. He did not list the structured settlement agreement or factoring agreement in his schedules, but he scheduled Plaintiff as an unsecured creditor without priority.

Plaintiff seeks a declaratory judgment that it has the right to payment under the annuity based on the factoring agreement, and that the agreement and the right to payment were not part of the bankruptcy estate, as well as a judgment that Gonzague breached his contract with Plaintiff by diverting monthly payments to himself. In its Motion, Plaintiff argued that structured settlement agreements are assignable[2] and that the factoring agreement worked to assign to it the annuity payments for the operative period. Plaintiff argues that New York law, not Maryland law, governs the validity of the factoring agreement before the court.

In his opposition, the Trustee argued that Maryland law is applicable because Gonzague was domiciled in Maryland when he filed his bankruptcy case in June 2002. That being the case, under the Maryland Structured Settlements Act, MD. CODE ANN. CTS. & JUD. PROC. §5-1101-1105 (2000), the purported transaction is a nullity, and the bankruptcy estate is the owner of the

---

2. It is notable that Exhibit C to the Bracy affidavit, a letter from Metropolitan Life to Gonzague, described as "Annuity or Letter Evidencing the Obligations under the Annuity," contains the following:

"THIS ANNUITY IS PART OF A STRUCTURED SETTLEMENT. PAYMENTS CANNOT BE INCREASED, DECREASED, ACCELERATED OR USED AS COLLATERAL ON A LOAN."

assigned proceeds.

>The Act provides in pertinent part:
>
>(a) *In general* - A direct or indirect transfer of structured settlement payment rights to a transferee is effective as provided in this subtitle.
>(b) *Payments to transferee authorized in certain circumstances* - A structured settlement obligor or annuity issuer may not make any payment directly or indirectly to a transferee of structured settlement payment rights unless the transfer is authorized in an order of a court based on a finding that:
>>(1) The transfer is necessary, reasonable, or appropriate;
>>(2) The transfer is not expected to subject the payee, the payee's dependents, or both, to undue or unreasonable financial hardship in the future;
>>(3) The payee received independent professional advice regarding the legal, tax, and financial implications of the transfer; and
>>(4) The transferee disclosed to the payee the discounted present value.
>
>MD. CODE ANN. CTS. & JUD. PROC. § 5-1102 (2000).

The Maryland General Assembly made this Act applicable to any transfer of structured settlement payment rights under a transfer agreement made on or after October 1, 2000, five days before the execution of the subject agreement. This agreement, the Trustee argues, is subject to avoidance by this court as the Debtor did not receive protections required by § 1102(b).

The Trustee is correct that the Maryland Structured Settlements Act prohibits enforcement of the subject agreement in this case. That, however, is not the end of the matter. Under the doctrine of *lex loci contractus* New York law applies to the agreement. See Kramer v. Bally's Park Place, Inc., 535 A.2d 466, 467 (Md. 1988) ("When determining which law controls the enforceability and effect of a contract, this Court generally applies the principle of *lex loci contractus*."). See also Riesett v. W.B. Doner & Co., 293 F.3d 164, 173 n. 5 (4th Cir. 2002) (noting that absent a choice of law provision, Maryland applies the law of the jurisdiction where the contract was made). The factoring agreement here was entered into in New York by Gonzague while he was a resident of New York.[3]

Maryland and New York passed these laws for the protection of injured parties. They are

---

[3] In July 2002, New York passed the Structured Settlement Protection Act, providing similar restrictions on the assignment of structured settlements as the Maryland Structured Settlements Act. See N.Y. Gen. Oblig. Law § 5-1701 *et seq.* (McKinney 2002).

remedial statutes and must be liberally construed. But even with the most liberal interpretation, the statutes are not operative on the facts at hand. Plaintiff got under the wire before New York law afforded the protection provided Maryland residents. It was for predators such as Plaintiff that state legislatures in increasing numbers have provided the protection that Gonzague lacked. See Adam F. Scales, *Against Settlement Factoring? The Market In Tort Claims Has Arrived*, 2002 Wis. L Rev. 859, 927-929 (2002) (comparing the various state laws regulating factoring agreements, noting that the most common requirement is that the factoring transaction be in the "best interests" of the payee). As one court in Plaintiff's home state recently explained, "structured settlements can provide long-term financial stability for an injured person and help keep the injured person and his or her family off public assistance." Settlement Capital Corp. v. BHG Structured Settlements, Inc., 319 F. Supp.2d 729, 731 (N.D. Tex. 2004). The practice of factoring undermines the public policy objective of structured settlements as it permits a third party to obtain ownership of a structured settlement through a discounted lump sum payment. Id.

However, despite the inequities that resulted from the factoring agreement in this case, applicable law did not act to invalidate the agreement when the parties entered into it. Therefore, Gonzague's assignment of the structured settlement to Plaintiff is not invalid, and the payments assigned pursuant to the factoring agreement are not property of the bankruptcy estate. See 11 U.S.C. § 541(a).

An appropriate order will be entered granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. Counsel for the Plaintiff may submit a proposed form of judgment.

cc:   Patrick Kearney, Esq.
      Roger Schlossberg, Esq.
      Debtors
      All parties
      Office of the United States Trustee

**End of Memorandum of Decision**